UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WAYNE MCCANN,

                             Plaintiff,

     -against-

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

                            Defendant.
----------------------------------------------------------X

MEMORANDUM AND ORDER

15-CV-6502
(Wexler, J.)

APPEARANCES:

    SCHWARTZ LAW GROUP PC
    BY: KENNETH B. SCHWARTZ, ESQ.
    Attorney for Plaintiff
    326 Broadway, Ste 203
    Bethpage, New York 11714

    KNUCKLES KOMOLINSKI & ELLIOT LLP
    BY: JOHN E. BRIGANDI, ESQ.
    Attorneys for Defendant
    50 Tice Boulevard, Suite 183
    Woodcliff Lake, New York 07677

WEXLER, District Judge:

       Plaintiff Wayne McCann ("McCann" or "Plaintiff") commenced this action asserting two causes of action under the Real Estate Settlement and Procedures Act of 1974, as amended ("RESPA"), 12 U.S.C. § 2601 *et seq.* and a New York state claim for deceptive practices under New York General Business Law § 349. Defendant Rushmore Loan Management Services, LLC ("Rushmore" or "Defendant") has moved to dismiss the complaint pursuant to Rule 12 (b)(1) and (6) of the Federal Rules of Civil Procedure, arguing that this Court lacks subject matter jurisdiction and that Plaintiff's claims are otherwise precluded. Motion, Docket Entry ("DE") [9]. For the reasons set forth herein, Defendant's motion is granted and the complaint is dismissed.

## I. BACKGROUND

### A. Factual Allegations and State Foreclosure Action[1]

McCann is the owner and titleholder of real property located at 9 Pearl Street, Glen Cove, New York (the "Property"). Complaint ("Compl.") ¶6, DE [1]. On or about February 13, 2006, he executed a promissory note evidencing a loan made to him by Greenpoint Mortgage Funding Inc. ("Mortgagee") in the principal amount of $499,000 (the "Mortgage"). Compl. ¶7. Rushmore has been the "duly authorized servicer" of the Mortgage. *Id.* According to defendant's counsel, the Mortgage was assigned to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP ("BAC/Countrywide"). Declaration of John E. Brigandi ("Brigandi Decl.") in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, ¶3, DE [9-2].

On or about July 28, 2009, a foreclosure action was commenced against McCann in New York State Supreme Court, Nassau County (the "Foreclosure Action"). Compl. ¶8. Although the complaint does not state who commenced the action, it was apparently brought by BAC/Countrywide, which subsequently assigned its interest to Capital One, N.A. McCann failed to appear in that action, and a judgment of foreclosure of sale was issued on or about April 28, 2014. Compl. ¶9; Brigandi Decl., Ex. D, Final Judgment for Foreclosure and Sale dated 4/28/14 ("Judgment for Foreclosure"). At some subsequent time, a foreclosure sale was scheduled for May 5, 2015. Compl. ¶10.

---

[1] The facts are taken from the Complaint and from documents related to the state court foreclosure action. *See Curtis & Assocs. v. Law Offices of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 158 n.4 (E.D.N.Y. 2010) (In deciding a motion to dismiss, the Court may, in addition to the complaint, consider documents incorporated by reference into the complaint as well as "documents submitted by the parties which are matters of public record or which are deemed included in the Complaint."), *aff'd*, 443 F. App'x 582 (2d Cir. 2011).

2

On May 4, 2015, the day before the sale, McCann brought a motion by order to show cause in state court to stay the foreclosure sale. Plaintiff's counsel submitted an affirmation in support stating, *inter alia,* that on or about October 13, 2014, Rushmore notified McCann that the servicing of the loan had been assigned to it from Bank of America, N.A. Affirmation in Support of Kenneth B. Schwartz ("Schwartz Aff."), of 5/4/15, Ex.C, DE [8-3]. By counsel's affirmation, McCann asserted *inter alia,* that Rushmore had "violated rather explicit provisions of RESPA that would preclude a judicial sale in foreclosure." *Id.* ¶1(a). Plaintiff alleged that Rushmore "[v]iolated 12 CFR 1024.41 (b)(2) by failing to Review the Loss Mitigation Package," *Id.* ¶ 8, and "[v]iolated the Prohibition On Foreclosure Sales under 12 CFR 1024.41(g)." *Id.* ¶ 12. Although the foreclosure sale was held, the state court issued a temporary restraining order to block transfer of title pending the resolution of the motion.

By Order dated August 18, 2015, the state court denied McCann's motion to stay the foreclosure sale as he "failed to demonstrate either a reasonable excuse or meritorious defense to vacate his default." Order of 8/18/15, Brigandi Decl., Ex. G. McCann appealed, indicating on his Request for Appellate Division Intervention that one issue on appeal was whether the lower court erred by denying his motion to stay the foreclosure sale due to "violation of the loss mitigation provisions under Federal Regulation X." Brigandi Decl., Ex. H. There is no indication as to the outcome of that appeal.

**B. Complaint in This Action**

The complaint in the case before this Court alleges three causes of action. In two claims asserted under RESPA, Plaintiff claims that Rushmore's failure to review and decide his loss mitigation application constituted a violation of 12 CFR 1024.41 and that Rushmore further

3

violated 12 CFR 1024.41(g) by conducting foreclosure proceedings while that application was pending. The third cause of action is a state law claim for deceptive business practices.

Plaintiff alleges that Rushmore "as loan servicer, was duly authorized to make all substantive decisions as to the Foreclosure Action." Compl. ¶ 11. Plaintiff alleges that "[n]inety days or more" prior to the Foreclosure sale, he had submitted an application for loss mitigation (the "Loss Mitigation Application"), which was complete and pending. *Id.* ¶12. The Complaint does not set forth the date of the submission of the Loss Mitigation Application or any factual details regarding the application. Despite the pendency of the application, the foreclosure sale was scheduled and held.

As a result of the alleged RESPA violations, Plaintiff claims to have suffered two measures of actual damages: "damages to his credit and reputation as the result of the Foreclosure Sale" and emotional distress "from having [his] personal residence sold in the Foreclosure Sale." Compl. ¶¶14, 19, (emphasis added).

## II. LEGAL STANDARDS

Defendant seeks dismissal of the action pursuant to Rule 12 (b)(1) for lack of subject matter jurisdiction and to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(1), the court should dismiss the action when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). Jurisdiction must be shown affirmatively and thus the court may not "draw inferences favorable to the party asserting jurisdiction." *Chestnut v. Wells Fargo Bank, N.A.*, 10-CV-4244, 2011 WL 838914, at *2 (E.D.N.Y. Mar. 2, 2011) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaints as true and draw all reasonable inferences in favor of the plaintiff. *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013) (citations omitted). The court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The determination of "whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S at 679. A determination of plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). A pleading that does nothing more than recite bare legal conclusions, however, is insufficient to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-679; *see also Twombly*, 550 U.S. at 555 (holding that a "formulaic recitation "formulaic recitation of cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level."). While Rule 8 does not require "detailed factual allegations," it does require more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

#### A. *Rooker-Feldman* Doctrine

Defendant argues that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, which provides "that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir.2005). Application of the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517 (2005). A defendant urging use of the *Rooker-Feldman* doctrine must show that plaintiff (1) lost in state court; (2) complains of injuries caused by that state court judgment; (3) invites the district court to review and reject that judgment; and (4) commenced the federal action after the state court judgment was rendered. *Hoblock*, 422 F.3d at 85 (internal quotation and citation omitted).

Plaintiff argues that *Rooker-Feldman* is inapplicable because he is not challenging the foreclosure order of the state court. Indeed, Plaintiff pointedly avoids seeking an order overturning the state court order regarding the foreclosure and sale, and instead seeks damages only as a result of Defendant's failure to comply with its obligations under RESPA. Independent claims are not barred by *Rooker-Feldman* "even if they involve the identical subject matter and parties as previous state-court suits." *Hoblock*, 422 F.3d at 86. The question before this Court is whether Plaintiff's claims under RESPA are independent claims.

### 1. RESPA provisions at issue

RESPA was enacted by Congress to protect consumers from abusive practices in the real estate settlement process. 12 U.S.C. §2601(a). The Consumer Financial Protection Bureau has been authorized to prescribe rules and regulations in furtherance of RESPA's goals. 12 U.S.C. §

2617(a). Plaintiff here asserts violations of two provisions of one such rule. One provision sets forth the timing of submission of a loss mitigation application by the borrower and the procedures for a servicer's obligations when presented with a completed application. *See* 12 C.F.R. § 1024.41(c). Plaintiff alleges that he timely submitted a complete loss mitigation application, and that Rushmore violated RESPA by failing to review that application and provide McCann with a right to appeal. Compl. ¶¶12-13.

Another provision states that if a borrower submits a loss mitigation application after the foreclosure process has begun, a servicer shall not conduct a foreclosure sale unless specific conditions are met. *See* 12 C.F.R. § 1024.41(g). Plaintiff alleges that Rushmore failed to satisfy any of the conditions before the foreclosure sale was held. Compl. ¶18.

Borrowers have a private right of action to enforce the procedural requirements set forth in § 1024.21. 12 C.F.R. § 1024.41(a). The remedies available are set forth in section 6(f) of RESPA, which provides for the recovery of monetary damages in the amount of "(A) any actual damage"(A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f). Plaintiff seeks actual damages only.

### 2. RESPA claims and application of the *Rooker-Feldman* doctrine

Federal courts are not automatically barred from determining claims arising under RESPA merely because the state court has entered an order regarding the mortgage and property at issue. *See He v. Ocwen Loan Servicing, LLC,* 15-CV-4575, 2016 WL 3892405, at *2 (E.D.N.Y. July 14, 2016) (denying motion to dismiss RESPA claim, without discussion of *Rooker-Feldman,* despite state court entry of a foreclosure order). Indeed, a rote finding that a

foreclosure order extinguishes all RESPA claims would be contrary to Congress's intent to protect borrowers from unscrupulous servicers, since the latter would effectively be encouraged to complete foreclosure proceedings as quickly as possible to avoid liability under RESPA.

Instead of a blanket rule, courts have examined each case to determine whether the claims asserted in the federal action were independent of the state court judgment. Federal courts have found that an independent RESPA claim may exist separate and apart from the foreclosure action. *See, e.g., Naylor v. Wells Fargo Home Mortg., Inc.*, No. 3:15-CV-116, 2016 WL 55292, at *5 (W.D.N.C. Jan. 5, 2016) (where plaintiff sought monetary relief "[t]he state-court foreclosure proceedings have no bearing on the resolution of [the RESPA] claims, and the imposition of damages would not impair Defendants' rights under the foreclosure judgment."); *Sanchez v. Onewest Bank, FSB*, No. 11 CV 6820, 2013 WL 139870, at *3 (N.D. Ill. Jan. 10, 2013) (finding no preclusion under *Rooker-Feldman* where RESPA claims were independent from judgment in foreclosure action such that plaintiffs are "not seeking to relitigate those foreclosure proceedings but rather are seeking damages for defendants['] alleged failure" to comply with RESPA); *Hornbuckle v. Mortg. Elec. Registration Sys., Inc.*, No. 10-14306, 2011 WL 5509214, at *6 (E.D. Mich. Nov. 10, 2011) (RESPA is an individual claim "because the source of the alleged injury is not the state court's decision" and is not "predicated upon the validity of the foreclosure.").

On the other hand, an independent RESPA claim may not exist where a determination of that claim would conflict with the state court's order in the foreclosure proceeding. *See, e.g., Mains v. Citibank, N.A.*, No. 415CV00036, 2016 WL 1270222, at *7 (S.D. Ind. Mar. 31, 2016) (no independent claim where plaintiff under RESPA sought accounting of payments owed and determination of that question might contradict or conflict with the state court order); *Dunn v.*

*Deutsche Bank Nat. Trust,* No. 5:15-CV-00809, 2015 WL 5638232, at *5 (N.D.N.Y. July 10, 2015) (finding that "although Plaintiff's claims are framed as violations of TILA and RESPA requirements, those claims are inextricably intertwined with Plaintiff's claim that he was injured by the state court foreclosure judgment depriving him of title to his property"), *adopted by* 2015 WL 5650182 (N.D.N.Y. Sept. 24, 2015). Thus, a case-by-case determination of the applicability of the *Rooker-Feldman* doctrine is required.

In the current case, the Court finds that Plaintiff's claims under RESPA are independent from the state court judgment of foreclosure and thus subject matter jurisdiction exists. Plaintiff seeks only money damages for the actions or inactions of the loan servicer, Rushmore, and does not seek to challenge or overturn the foreclosure order. Moreover, a finding by this Court that Plaintiff is entitled to money damages from Rushmore would not necessarily challenge the state court's decision regarding the Foreclosure Action or require a finding on the merits of the state court's decision.[2] Accordingly, Defendant's motion to dismiss pursuant to Rule 12 (b)(1) is denied.

**B. Preclusion**

Defendant further argues that dismissal is warranted under the doctrines of either claim preclusion or issue preclusion. The Court finds that Plaintiff is precluded from litigating his claims anew in this forum.

1. Claim preclusion

"The doctrine of claim preclusion, or res judicata, bars the subsequent litigation of any claims that were or could have been raised in a prior action." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 128 (2d Cir. 2015) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S.

---

[2] At this point in the proceedings, it is impossible to conclude whether a determination of damages would necessarily require a review of the foreclosure judgment.

9

394, 398 (1981)); *see also Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 347, 690 N.Y.S.2d 478, 712 N.E.2d 647 (1999) (under New York law, "*res judicata* or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action."). The doctrine "also applies to defenses that could have been litigated, including defenses to a foreclosure." *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008).

Plaintiff argues that there can be no finding of res judicata because Rushmore was not a party to the Foreclosure Action and thus there was no identity between the parties. Under New York law, however, the party servicing the mortgage is "considered to be in privity with the party to the original action concerning the mortgage for purposes of *res judicata.*" *Fequiere v. Tribeca Lending*, No. 14-CV-812), 2016 WL 1057000, at *7 (E.D.N.Y. Mar. 11, 2016) (citing *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 423 (S.D.N.Y. 2008)); *see also Best v. Bank of America, N.A.*, No. 14-CV-6546, 2015 WL 5124463, at *3 (E.D.N.Y. Sept. 1, 2015) ("district courts generally have found there to be privity between a mortgage servicer and the owner of the mortgage").[3]

"Under New York's transactional approach to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Sosa v. JP Morgan Chase Bank*, 33 A.D.3d 609, 611, 822 N.Y.S.2d 122, 124 (2006) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 429 N.E.2d 1158)). Res judicata will apply, even if there are variations in factual allegations or in the type of relief sought, "if the actions are grounded on the same gravamen of the wrong." *Yeiser*, 353 F. Supp. 2d at 422.

---

[3] Plaintiff's arguments regarding the lack of privity are disingenuous at best given the allegations in the complaint, such as "Rushmore as loan servicer, was duly authorized to make all substantive decisions as to the Foreclosure Action." Compl. ¶11.

Plaintiff here is clearly seeking to recover under the same series of transactions that led ultimately to the foreclosure sale. He lost below, and his proper recourse was to appeal in state court.

### 2. Issue Preclusion

Issue preclusion, also referred to as collateral estoppel, "bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Evans v. Ottimo,* 469 F.3d 278, 281 (2d Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.,* 65 N.Y.2d 449, 455-56, 492 N.Y.S.2d 584 (1985)). "Unlike claim preclusion, the party invoking collateral estoppel under New York law need not have been in privity with a litigant in the prior action." *Best,* 2015 WL 5124463, at *3.

The two RESPA claims raised by Plaintiff in this action are clearly precluded by collateral estoppel. Plaintiff raised those identical RESPA claims, in addition to a third RESPA claim and claims under the Americans with Disabilities Act, as the basis for his motion to stay the foreclosure sale in state court. Not only did he have a full and fair opportunity to raise his claims, but he actually raised them by the thorough briefing of his motion to stay. As a result, the state court was in full possession of the facts and legal arguments when it denied plaintiff's motion for a stay. Accordingly, Plaintiff is precluded from re-litigating this issue here.

### C. State Law Claim

Plaintiff also asserts a state law claim under NYGBL § 349, which declares unlawful "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. GEN. BUS. LAW § 349(a). In light of the dismissal

11

of the federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claim.

## IV. CONCLUSION

Defendant's motion to dismiss is granted and the case is closed.

SO ORDERED.

s/ LEONARD D. WEXLER, USDJ

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       March 16, 2017